# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>      Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>      Defendants. | 1:13-cv-01214-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE<br><br>(ECF Nos. 13, 14) |

**I.**     **Background**

Plaintiff Myron A. Payne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 5, 2013. On December 12, 2014, the Magistrate Judge dismissed Plaintiff's complaint for failure to comply with Federal Rules of Civil Procedure 8 and 18. In the dismissal order, the Magistrate Judge provided Plaintiff with instructions regarding compliance with Rules 8 and 18, along with the legal standards that appeared applicable to his claims. Plaintiff was granted thirty days within which to amend his complaint and was advised that if he failed to comply with the Magistrate Judge's order, then the action would be dismissed for failure to obey a court order. (ECF No. 8.)

On January 16, 2015, the Magistrate Judge granted Plaintiff's first request for an extension of time to file his amended complaint. (ECF No. 10.) On February 20, 2015, the Magistrate Judge granted Plaintiff's second request for an extension of time to file his amended complaint. Plaintiff's amended complaint was due on or before March 25, 2015. (ECF No. 12.)

On March 30, 2015, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order dismissing his complaint with leave to amend. In his moving papers, Plaintiff expresses his wish "to stand on his complaint." (ECF No. 13, pp. 1, 2.) Plaintiff also filed a request for judicial notice. (ECF No. 14.)

**II.     Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of the following cases: (1) Ansker v. Brown, Case No. 09-5796-CW; (2) Castillo v. Alameida, Case No. C-94-2847 MJJ-JCS; (3) In re James Crawford, Case No. A131276; and (4) Harrison v. I.G.I., Case No. 3:07-cv-03824-SI.

The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004). In this instance, however, it is unnecessary to consider other court records in reviewing the Magistrate Judge's screening order and the Court has not relied on any such records in addressing Plaintiff's motion for reconsideration. Accordingly, Plaintiff's request for judicial notice shall be denied.

**III.    Request for Reconsideration**

This Court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential."

<u>Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California</u>, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 91 (3rd Cir. 1992); <u>Green</u>, 219 F.R.D. at 489. An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Knutson v. Blue Cross & Blue Shield of Minn.</u>, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotations omitted); <u>Rathgaber v. Town of Oyster Bay</u>, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); <u>Surles v. Air France</u>, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see <u>Adolph Coors Co. v. Wallace</u>, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

In this instance, the Magistrate Judge dismissed Plaintiff's complaint, with leave to amend, for failure to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 18. (ECF No. 8, pp. 19-20.) With respect to these pleading requirements, Plaintiff first argues that the Magistrate Judge's screening order requires him to comply with a heightened pleading standard. (ECF No. 13, p. 14.) Plaintiff is incorrect. The Magistrate Judge's screening order merely requires Plaintiff to comply with the dictate of Rule 8; that is, his complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Magistrate Judge found that Plaintiff's complaint was not a short and plain statement of his claims. (ECF No 8, p. 13.) Plaintiff does not contend that his complaint is short and plain, nor can he, as the complaint exceeds 85 pages, details events occurring at two different institutions and spans a period of time between 2008 and 2012. Plaintiff also does not object to the Magistrate Judge's finding that his complaint is repetitive and lumps all defendants together in the majority of his claims. (<u>Id.</u>)

Plaintiff next argues that his claims are properly joined pursuant to Federal Rules of Civil Procedure 18 and 20. While Plaintiff references Rules 18 and 20, he makes no showing that the Magistrate Judge's order is clearly erroneous or contrary to law. Indeed, he does not identify any specific error in the Magistrate Judge's screening order related to improper joinder of claims. (ECF No. 13, p. 58.) The Court finds that the Magistrate Judge properly determined Plaintiff's

complaint was an improper attempt to pursue unrelated claims against unrelated defendants in a single action. The Magistrate Judge appropriately allowed Plaintiff an opportunity to amend his complaint and choose those claims he wished to pursue in this action before the Court either severed the action or dismissed improperly joined defendants. See Fed. R. Civ. P. 21; see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected by severing the action or by dismissing improperly joined defendants). Furthermore, Plaintiff does not dispute that his claims involve discrete events against multiple defendants at different institutions at different times over a period of years.

Plaintiff's remaining arguments are unrelated to the Magistrate Judge's reasons for dismissing Plaintiff's complaint with leave to amend and therefore will not be addressed.

The Magistrate Judge's determination that Plaintiff's complaint fails to comply with Rules 8 and 18 is not clearly erroneous or contrary to law. Accordingly, Plaintiff's motion for reconsideration shall be denied.

**IV.     Request to Stand on Complaint**

In his moving papers, Plaintiff asserts that he "wishes to stand on his complaint." (ECF No. 13, pp. 1, 2.) The Court construes Plaintiff's stated desire to stand on his complaint as notice to the Court that he does not intend to file an amended complaint. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). In such a situation, the Court is constrained to accept Plaintiff's election at face value and dismiss the action. Id. at 1064. Accordingly, the Court shall order that this action be dismissed, without prejudice, for failure to comply with Federal Rules of Civil Procedure 8 and 18.

**V.     Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that:

1. Plaintiff's request for judicial notice, filed on March 30, 2015, is DENIED;

2. Plaintiff's motion for reconsideration, filed on March 20, 2015, is DENIED; and

///

///

3. This action is DISMISSED, without prejudice, for failure to comply with Rules 8 and 18, and the Clerk of the Court shall enter judgment.

**IT IS SO ORDERED**
**Dated: April 29, 2015**

<u>/s/ Lawrence J. O'Neill</u>
**United States District Judge**
